**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CAPSTONE RESDEV, LLC, a Delaware limited liability company,

**CASE NO.:**

Plaintiff,

vs.

DAVID FINKELSTEIN and NICHOLAS A. MASTROIANNI, II,

Defendants.

_______________________________________ /

# COMPLAINT

Plaintiff, CAPSTONE RESDEV, LLC, a Delaware limited liability company ("Capstone" or "Plaintiff"), successor in interest to PNC BANK, National Association, as successor to NATIONAL CITY BANK, a national banking association ("PNC"), sues Defendants, DAVID FINKELSTEIN and NICHOLAS A. MASTROIANNI, II, and states:

## JURISDICTION, PARTIES AND VENUE

1. Pursuant to Count I and II of this Complaint, this is an action for damages that exceeds $75,000 based on breaches of written guaranty agreements.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this action is between citizens of different states.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the Defendants are domiciled in Palm Beach County and have agreed to submit to the jurisdiction of the courts of Palm Beach County, Florida.

4. Plaintiff, Capstone, is a Delaware limited liability company, with its main office and principal place of business located in the Commonwealth of Pennsylvania.

5. Defendant, David Finkelstein ("Finkelstein"), is a citizen of Florida domiciled in Palm Beach County and is, and was at all times material hereto, *sui juris*.

6. Defendant, Nicholas A. Mastroianni, II ("Mastroianni"), is a citizen of Florida domiciled in Palm Beach County and is, and was at all times material hereto, *sui juris*.

**THE LOAN, LOAN DOCUMENTS AND PROPERTY**

7. On September 15, 2005, Fidelity Federal Bank & Trust ("Fidelity"), made a loan in the original principal amount of $5,785,000 to Cocoa Landing, LLLP (the "Loan") and Cocoa Landing, LLLP ("Cocoa Landing") executed and delivered a Promissory Note (the "9/15/05 Note") in the principal amount of $5,785,000 to Fidelity. A copy of the 9/15/05 Note is attached hereto as Exhibit "1."

8. To secure repayment of the 9/15/05 Note, on September 15, 2005, Cocoa Landing also executed and delivered to Fidelity a Mortgage (the "Mortgage"), which was recorded on September 21, 2005 in Official Records Book 5537, Page 3376 of the Public Records of Brevard County, Florida, and mortgaged the property described in it, then owned by and in the possession of the mortgagor. A copy of the Mortgage is attached hereto as Exhibit "2."

9. The 9/15/05 Note was supplemented and modified by a Renewal Promissory Note from Cocoa to National City Bank, a national banking association ("NCB"), in the principal amount of $5,785,000 dated September 15, 2007. The 9/15/05 Note, as supplemented and modified by the Renewal Promissory Note, is hereinafter referred to as the "Note." A copy of the Renewal Promissory Note is attached hereto as Exhibit "3."

10. On September 15, 2005, Defendant Finkelstein executed and delivered to Fidelity a Commercial Guaranty, in which Finkelstein jointly, severally and unconditionally guaranteed full payment to Fidelity of all amounts due under the Note and Mortgage. On March 12, 2008, Finkelstein executed and delivered to NCB a Reaffirmation of Guaranty, in which Finkelstein ratified, confirmed and restated the Commercial Guaranty. The Commercial Guaranty and Reaffirmation of Guaranty executed by Defendant Finkelstein, copies of which are attached hereto as Composite Exhibit "4," are hereinafter referred to as the "Finkelstein Guaranty."

11. On September 15, 2005, Defendant Mastroianni executed and delivered to Fidelity a Commercial Guaranty, in which Mastroianni jointly, severally and unconditionally guaranteed full payment to Fidelity of all amounts due under the Note and Mortgage. On March 14, 2008, Mastroianni executed and delivered to NCB a Reaffirmation of Guaranty, in which Mastroianni ratified, confirmed and restated the Commercial Guaranty. The Commercial Guaranty and Reaffirmation of Guaranty executed by Defendant Mastroianni, copies of which are attached hereto as Composite Exhibit "5," are hereinafter referred to as the "Mastroianni Guaranty."

12. PNC Bank, National Association ("PNC"), is successor-in-interest by merger to NCB. NCB was the successor-in-interest by merger to Fidelity. Specifically, on January 5, 2007, Fidelity was merged into NCB, and NCB acquired the assets of Fidelity including, but not limited to, the Note, Mortgage, Finkelstein Guaranty, and Mastroianni Guaranty. Subsequently, on November 6, 2009, NCB was merged into PNC, and PNC acquired the assets of NCB including, but not limited to, the Note, Mortgage, Finkelstein Guaranty, and Mastroianni Guaranty. As a result of the November 6, 2009 merger of NCB into PNC, PNC became the owner and the holder of the Note, Mortgage, Finkelstein Guaranty, and Mastroianni Guaranty.

13. The real and personal property subject to the lien of the Mortgage was the site of approximately 66.79 acres of vacant land located at the southeast corner of Cox Road and State Road 524 in Cocoa, Brevard County, Florida, which is hereafter referred to as the "Property."

14. Pursuant to the terms of the Note and Mortgage, Cocoa Landing defaulted on the Loan by failing to pay the unpaid principal balance on the Loan, plus accrued interest and other charges, which monies were due on September 15, 2008, which was the maturity date of the Note. Cocoa Landing also defaulted on the Note and Mortgage by failing to pay the 2008 and 2009 real estate taxes on the Property.

15. As a result of the defaults, on March 8, 2011, PNC instituted a foreclosure action in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, captioned *PNC Bank, National Association, etc. v. Cocoa Landing, LLLP*, Case No. 05-2011-CA-007689 ("Foreclosure Action").

16. On July 18, 2011, a Final Judgment of Foreclosure ("Foreclosure Judgment") was entered in the Foreclosure Action, adjudicating that $8,579,527.94 was due to PNC as of July 18, 2011, which Foreclosure Judgment was recorded in Official Record Book 6422, Page 1350, of the Public Records of Brevard County, Florida. A copy of the Foreclosure Judgment is attached hereto as Exhibit "6."

17. On August 23, 2011, PNC assigned the Foreclosure Judgment and loan documents, including the Note, Mortgage, Finkelstein Guaranty, and Mastroianni Guaranty, to Capstone. A copy of the Assignment of Final Judgment of Foreclosure and Loan Documents ("Assignment"), which was recorded in Official Record Book 6440, Page 2790, of the Public Records of Brevard County, Florida, is attached hereto as Exhibit "7." As a result of the

Assignment, Capstone became the owner and the holder of the Note, Mortgage, Finkelstein Guaranty, and Mastroianni Guaranty, along with the Final Judgment.

18. On August 24, 2011, the foreclosure sale of the Property was conducted in the Foreclosure Action. PNC's assignee, Capstone, was the successful bidder at the foreclosure sale and took title to the Property on September 9, 2011 pursuant to the Certificate of Title recorded on September 12, 2011 in Official Record Book 6451, Page 2018, of the Public Records of Brevard County, Florida.

19. As of the August 24, 2011 foreclosure sale in the Foreclosure Action, the fair market value of the property was no more than $2,250,000, leaving a deficiency balance as of August 24, 2011 of $6,329,527.94, plus interest.

20. Since the August 24, 2011 foreclosure sale, PNC has received only $300,000 in payments on the deficiency balance from a settling guarantor, which $300,000 does not cover the majority of the interest that has accrued on the outstanding deficiency balance of $6,329,527.94.

21. On April 11, 2013, PNC made written demand upon Defendants Finkelstein and Mastroianni to pay the outstanding amounts due pursuant to the Finkelstein Guaranty and the Mastroianni Guaranty. Copies of the demand letters to Defendants Finkelstein and Mastroianni are attached hereto as Exhibits "8" and "9," respectively.

22. On June 28, 2013, Capstone sold the Property to an unrelated third party for an amount far less than the $2,250,000 credit provided to Defendants for the fair market value of the Property as of the foreclosure sale date, pursuant to paragraphs 16 through 20, above.

23. Pursuant to the terms of the Note, Mortgage, Finkelstein Guaranty and Mastroianni Guaranty, Defendants Finkelstein and Mastroianni owe Plaintiff Capstone $6,329,527.94 in principal, accrued and unpaid interest, attorney's fees, and other expenses, less the payments identified in paragraph 20, above.

**COUNT I**
**ACTION ON FINKELSTEIN GUARANTY**

24. This is an action for damages in excess of $75,000, exclusive of interest, costs and reasonable attorney's fees.

25. The allegations of paragraphs 1 through 10, and 12 through 23 are realleged and incorporated by reference herein.

26. Plaintiff Capstone is the owner and holder of the Foreclosure Judgment and the Finkelstein Guaranty.

27. By virtue of his execution of the Finkelstein Guaranty, Defendant Finkelstein is liable to Plaintiff Capstone for the sum found by this Court to be due to Plaintiff under the Finkelstein Guaranty. Pursuant to the Finkelstein Guaranty, Defendant Finkelstein is also liable to Plaintiff for all attorney's fees and costs Plaintiff incurs in attempting to collect the unpaid indebtedness due under the Finkelstein Guaranty.

WHEREFORE, Plaintiff, Capstone, demands judgment against Defendant Finkelstein for the principal sum of $6,329,527.94, accrued and unpaid interest thereon, costs, reasonable attorney's fees, less the payments received identified in paragraph 20, above, and such other and further relief as is just and proper.

**COUNT II**
**ACTION ON MASTROIANNI GUARANTY**

28. This is an action for damages in excess of $75,000 exclusive of interest, costs and reasonable attorney's fees.

29. The allegations of paragraphs 1 through 9, and 11 through 23 are realleged and incorporated by reference herein.

30. Plaintiff Capstone is the owner and holder of the Foreclosure Judgment and the Mastroianni Guaranty.

31. By virtue of his execution of the Mastroianni Guaranty, Defendant Finkelstein is liable to Plaintiff Capstone for the sum found by this Court to be due to Plaintiff under the Mastroianni Guaranty. Pursuant to the Mastroianni Guaranty, Defendant Mastroianni is also liable to Plaintiff for all attorney's fees and costs Plaintiff incurs in attempting to collect the unpaid indebtedness due under the Mastroianni Guaranty.

WHEREFORE, Plaintiff, Capstone, demands judgment against Defendant Mastroianni for the principal sum of $6,329,527.94, accrued and unpaid interest thereon, costs, reasonable attorney's fees, less the payments identified in paragraph 20, above, and such other and further relief as is just and proper.

Dated: September 10, 2013. Respectfully submitted,

By: /s/ Sarah Cortvriend
John R. Hart [Trial Counsel]
Florida Bar No. 612553
E-mail: jhart@carltonfields.com
Sarah Cortvriend [Trial Counsel]
Florida Bar No. 718947
E-mail: scort@carltonfields.com
**CARLTON FIELDS, P.A.**
525 Okeechobee Blvd., Suite 1200
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

*Attorneys for Plaintiff, Capstone Resdev, LLC, a Delaware limited liability company*