## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into this ___ day of October, 2014, by and between CAPSTONE RESDEV, LLC, a Delaware limited liability company ("CAPSTONE") and DAVID FINKELSTEIN ("FINKELSTEIN").

### RECITALS

A.  On September 15, 2005, Fidelity Federal Bank & Trust ("Fidelity"), made a loan in the original principal amount of $5,785,000 (the "Loan") to Cocoa Landing, LLLP, a Florida limited liability partnership ("Cocoa") and Cocoa executed and delivered a Promissory Note (the "9/15/05 Note") in the principal amount of $5,785,000 to Fidelity.

The 9/15/05 Note was supplemented and modified by the following:

(i) Renewal Promissory Note from Cocoa to National City Bank in the principal amount of $5,785,000 dated September 15, 2007.

The 9/15/05 Note, as supplemented and modified by the loan document described in (i) above, is hereinafter referred to as the "Note."

B.  There is presently pending the United States District, for the Southern District of Florida, a civil action in which CAPSTONE is Plaintiff and FINKELSTEIN, et al. are Defendants, which civil action is entitled <u>Capstone Resdev, LLC, a Delaware limited liability company, Plaintiff v. David Finkelstein and Nicholas A. Mastroianni, II, Defendants</u>, Case Number: 9:13-CV-80914-RYSKAMP/HOPKINS (hereinafter referred to as the "Lawsuit").

C.  In the Lawsuit, as set forth in the Amended Complaint, CAPSTONE is seeking a judgment against FINKELSTEIN in the amount of $6,329,527.94, plus interest, for the deficiency balance due on the Loan remaining after CAPSTONE liquidated the collateral that was securing repayment of the Note as more specifically described in the Amended Complaint.

D.  CAPSTONE, as successor-in-interest by assignment to PNC Bank, is the present owner and holder of the Note and guaranty agreements at issue in the Lawsuit.

E.  CAPSTONE and FINKELSTEIN desire to resolve all disputes related to the Lawsuit pursuant to the terms specifically set forth hereinafter.

NOW, THEREFORE, in consideration of the premises, the foregoing Recitals, the covenants and the agreements of the parties set forth hereinafter, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, CAPSTONE and FINKELSTEIN (collectively the "Parties") agree as follows:

1.  <u>Finkelstein and his agreed upon liability</u>.

    (a) Concurrently with the execution of this Agreement, FINKELSTEIN shall

pay the cash sum of $10,000 to CAPSTONE.

(b)  In addition to the $10,000 payment provided for in the preceding paragraph, FINKELSTEIN agrees to make the following additional cash payments to CAPSTONE:

(1) $15,000 on or before November 1, 2015; and

(2) $15,000 on or before November 1, 2016.

Each of the payments set forth above will be made to CAPSTONE at the following address:

> Denise Schornack,
> Senior Vice President/Director
> Asset Resolution Team
> PNC Bank, N.A.
> 205 Datura Street
> Locator #A2-YB63-03-4
> West Palm Beach, Florida 33401

(c)  Upon timely receipt of the $40,000 of payments required by this paragraph 1 of this Agreement, CAPSTONE shall fully release FINKELSTEIN from all liabilities under the guaranty agreements at issue in the Lawsuit.

(d)  In the event any of the payments required under this paragraph 1 are not timely made to CAPSTONE, or FINKELSTEIN otherwise breaches any of the provisions of this Agreement, CAPSTONE shall, after a 10-day cure period, immediately be entitled to the entry of a final judgment in the Lawsuit against FINKELSTEIN in an amount of $6,329,527.94, plus interest, (which represents the approximate deficiency on the Loan), less any payments previously made to CAPSTONE under this paragraph 1.

2.  <u>General Release in favor of CAPSTONE, PNC Bank and Related Persons</u>. FINKELSTEIN ("Releasor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby forever release and discharge CAPSTONE, PNC Bank, and all of their predecessors, successors, assigns, representatives, directors, officers, past, present and future shareholders, partners, parents, subsidiaries, affiliated companies, affiliates, joint venture partners, asset managers, loan servicers, attorneys and agents from any and all claims, damages, actions, causes of action, defenses, covenants, sums of money, trust assets, promises, reckonings, and demands of any kind whatsoever, in law or in equity, whether now or subsequently existing, known or unknown, patent or latent, which they ever had, now have, or may hereafter have, or which any of their successors, heirs or assigns now have or may hereafter have, from the beginning of the world to the date of this Agreement including, but not limited to, any matters arising out of, or in any way pertaining to, the Note, guaranty agreements at issue in the Lawsuit, the subject matter of the Lawsuit or any other related matters. Releasor hereby acknowledges that he is signing this Agreement and providing this General Release as a full discharge of all claims regardless of the nature and extent of any damages to him and regardless of whether any of the released parties is liable for said damages. Nothing within this General

Release will be construed as an admission or of wrongdoing, culpability or liability on the part of any of the released persons, or as an admission by any of the released persons of any legitimate claim(s) against them.

3. No Modification of Loan Documents; No Waiver or Cure of Default. The Parties to this Agreement acknowledge that PNC Bank and FINKELSTEIN may have other lending agreements between them with respect to other loans not discussed in this Agreement, and this Agreement is not intended and shall not be construed to modify any of the other loans between PNC Bank, its affiliates and subsidiaries, and FINKELSTEIN, or any loan documents evidencing such loans; it being the intent of the Parties to this Agreement that all other loan documents, including, but not limited to, guaranty agreements, executed in favor of PNC Bank, and its subsidiaries and affiliates and/or any of its predecessors-in-interest, shall remain in full force and effect without modification or amendment by this Agreement. Nothing in this Agreement constitutes an expressed or implied waiver or cure of any existing defaults under any other loan documents described in this section 3 of this Agreement.

4. Joint Motion Seeking Approval of Settlement Agreement and Dismissal of Lawsuit; Court to retain jurisdiction to enforce Settlement Agreement. Upon the signing of this Agreement, counsel for CAPSTONE and FINKELSTEIN shall promptly file a joint motion in the form attached hereto as Exhibit "A", seeking a dismissal, with prejudice, of the Lawsuit, with the court, however, retaining jurisdiction to enforce the provisions of this Agreement and specifically to enter final judgment against FINKELSTEIN, in accordance with the provisions of section 1 of this Agreement, if FINKELSTEIN defaults on his payment obligations under section 1.

If for any reason the court in the Lawsuit does not enter an order approving this Agreement and retaining jurisdiction to enforce the terms of this Agreement, then this Agreement shall be null and void as of the time the court renders a decision not to approve the Agreement, and in such an event, CAPSTONE shall promptly return the $10,000 payment made under section 3 of this Agreement to FINKELSTEIN's counsel, and CAPSTONE shall have the right to immediately proceed with continuing prosecution of its claims against FINKELSTEIN in the Lawsuit.

5. Attorney's Fees and Costs. CAPTONE and FINKELSTEIN shall each bear their own attorney's fees and costs incurred in connection with the prosecution and defense of the Lawsuit.

6. **WAIVER OF JURY TRIAL AND CERTAIN DAMAGES. CAPSTONE AND FINKELSTEIN HEREBY KNOWINGLY AND VOLUNTARILY WAIVE ALL RIGHTS OF TRIAL BY JURY THEY MAY HAVE WITH RESPECT TO ANY DISPUTES ARISING UNDER THIS AGREEMENT. IN ADDITION, IN NO EVENT SHALL ANY PARTY HAVE A REMEDY OF, OR BE LIABLE TO THE OTHER FOR, (1) INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OR (2) PUNITIVE OR EXEMPLARY DAMAGES IN ANY DISPUTE OR LITIGATION ARISING UNDER THIS AGREEMENT.**

7. <u>Voluntary Agreement</u>. CAPSTONE and FINKELSTEIN are represented by legal counsel of their choice, are fully aware of the terms contained in this Agreement and have voluntarily and without coercion or duress of any kind entered into this Agreement.

8. <u>Entire Agreement</u>. This Agreement constitutes the entire and final understanding among the Parties with respect to all matters contained herein and there are no agreements (either oral or written) understandings, warranties or representations hereunder among the parties except as set forth in this Agreement.

9. <u>Successors and Assigns</u>. This Agreement shall be binding upon and benefit all successors-in-interest, assigns, heirs and executors of CAPSTONE and FINKELSTEIN; this Agreement shall also be enforceable against all successors-in-interest, assigns, heirs and executors of CAPSTONE and FINKELSTEIN.

10. <u>Miscellaneous</u>.

(i) Time is of the essence with regard to all obligations of CAPSTONE and FINKELSTEIN under this Agreement;

(ii) this Agreement cannot be changed or amended except by an agreement in writing duly executed by the person against whom enforcement of the change is sought;

(iii) this Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all such counterparts together shall constitute one and the same Agreement. Photocopies of this Agreement reflecting a signature shall be deemed an original;

(iv) if an action is brought to enforce this Agreement, the prevailing party shall be entitled to all attorneys' fees and costs, including appellate fees and all fees related to bankruptcy proceedings. The parties hereto agree that any enforcement action shall be in Florida and the signing of this Agreement is an agreement to submit to the jurisdiction of Florida courts;

(v) this Agreement shall be governed and construed in accordance with the laws of the State of Florida;

(vi) CAPSTONE and FINKELSTEIN acknowledge that this Agreement is a negotiated settlement and that in no event shall the terms hereof be construed more strongly against any of the parties on the basis that such party, or its counsel, drafted this Agreement;

(vii) the headings of this Agreement are for convenience only and are not to affect the construction of or to be taken into account in interpreting the substance of this Agreement;

(viii) all parties to this Agreement shall cooperate with each other to execute and deliver all other documents, instruments, files, data, books and records and to do all further acts as may be reasonably required to carry out the transactions contemplated hereunder; and

(ix) no delay or failure on the part of any party hereto of the exercise of any right hereunder shall operate as a waiver thereof, and no single or partial exercise of any right under this Agreement shall preclude the further exercise of any right or remedy.

IN WITNESS WHEREOF, and intending to be legally bound hereby, CAPSTONE and FINKELSTEIN have executed this Agreement as of the date first set forth above.

WITNESSES:

_____
Signature – Witness #1

CAPSTONE RESDEV, LLC, a Delaware limited liability company

By: _____

PATRICIA A ROBERTSON
Legibly Print or Type Name and Address of Witness #1

Title: Vice President

_____
Signature – Witness #2

JACK VIADERO
Legibly Print or Type Name and address of Witness #2

_____
Signature – Witness #1

_____
DAVID FINKELSTEIN

LINDA FINKELSTEIN 1298 PARK ST, ATLANTIC BEACH, NY 11509
Legibly Print or Type Name and Address of Witness #1

_____
Signature – Witness #2

ARNOLD H. GELLER  37 ERIE ST. ATLANTIC BEACH, NY
Legibly Print or Type Name and Address of Witness #2